UNITED STATES of America, Plaintiff—Appellee,

v.

Jesus CERVANTES–BRAVO, Defendant—Appellant.

No. 06–30432.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 5, 2008.

Filed Aug. 26, 2008.

Helen J. Brunner, Esquire, Douglas B. Whalley, Office of the U.S. Attorney, Seattle, WA, for Plaintiff–Appellee.

Beth Marie Andrus, Esquire, Skellenger Bender, PS, Seattle, WA, for Defendant–Appellant.

Before: PREGERSON, CANBY, and HALL, Circuit Judges.

### MEMORANDUM *

Jesus Cervantes–Bravo appeals his sentence of ten years following his decision to plead guilty to one count of possession with intent to distribute methamphetamine. The parties are familiar with the facts of the case, so we repeat them here only to the extent necessary to explain our decision. We have jurisdiction under 28 U.S.C. § 1291, and we affirm the sentence.

Cervantes–Bravo's counsel did not challenge the sentence below. We therefore review for plain error. *United States v. Geston,* 299 F.3d 1130, 1134 (9th Cir.2002). "A 'plain error' must be clear and obvious, 'highly prejudicial' and must affect 'substantial rights.'" *United States v. Siu Kuen Ma,* 290 F.3d 1002, 1005 (9th Cir. 2002) (quoting *United States v. Olano,* 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993)).

■ We cannot say that the district court's failure to examine Cervantes–Bravo's eligibility for safety valve relief was plain error. In his plea agreement, Cervantes–Bravo agreed not to seek safety valve relief, and his counsel in fact requested a ten year sentence consistent with the mandatory minimum. Further, it

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

is not clear from the record whether Cervantes–Bravo's cooperation with the government was sufficient to qualify for safety valve relief under 18 U.S.C. § 3553(f)(5). Under the circumstances, any error by the district court was not clear and obvious, and so the district court therefore did not commit plain error in failing to consider Cervantes–Bravo's eligibility for safety valve relief.

■ 18 U.S.C. § 3551 also did not require the district court to depart from the mandatory minimum sentence. 18 U.S.C. § 3551 provides that a defendant should be sentenced in accordance with the purposes set forth in section 18 U.S.C. 3553(a)(2) "[e]xcept as otherwise specifically provided." The mandatory minimum provision Cervantes–Bravo was sentenced under, 21 U.S.C. § 841(b)(1)(A), is a specific exception to the general requirement of sentencing according to the purposes of § 3553(a)(2). Accordingly, 18 U.S.C. § 3551 did not require the district court to depart from the mandatory minimum.

**AFFIRMED.**